UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts corporation, a member of the Liberty Mutual Group,<br><br>Plaintiff,<br><br>v.<br><br>BALFOUR BEATTY CONSTRUCTION COMPANY, INC., a Delaware corporation; BALFOUR BEATTY RAIL INC., a Wisconsin corporation; BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>Defendants, Counterclaimants and Cross-Claimants | Case No. C07-5507 FDB<br><br>ORDER DENYING BALFOUR BEATTY'S MOTION FOR STAY |

This matter comes before the Court on motion of Defendants Balfour Beatty Construction Company, Inc., and Balfour Beatty Rail, Inc., (Balfour Beatty) for stay of proceedings pending resolution of a concurrent state court proceeding. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies the motion for stay for the reasons stated below.

ORDER - 1

**INTRODUCTION AND BACKGROUND**

Liberty Mutual Fire Insurance Company (Liberty Mutual) filed this declaratory judgment action to determine the scope of Liberty Mutual's insurance coverage obligation with respect to BNSF Railway Company (BNSF), an additional insured under Balfour Beatty's commercial general liability policy.

Defendant Balfour Beatty, as a part of its answer to the complaint for declaratory judgment, filed a counter and cross-claim against Liberty Mutual and BNSF, respectively.  Balfour Beatty seeks declaratory judgment that BNSF has no coverage under the Liberty Mutual insurance policy in the underlying lawsuit and to the extent BNSF is an additional insured, it is not entitled to any greater benefits under the policy than Balfour Beatty.  Balfour Beatty also seeks a determination that it is not required to indemnify BNSF for the sole negligence of BNSF.

Defendant BNSF, as a part of its answer, filed a counterclaim against Liberty Mutual asserting causes of action for (1) breach of contract of insurance, (2) violation of the Washington Consumer Protection Act, and (3) bad faith.  BNSF also cross-claimed against Balfour Beatty for breach of the On-Track Operation Agreement and for indemnification.

BNSF operates a railroad track located in Clark County, Washington.  Balfour Beatty's predecessor in interest, Knox Kershaw, Inc., entered into an On-Track Operation Agreement (Contract) with BNSF.  Under the terms of the Contract, Knox Kershaw agreed to provide various services in furtherance of BNSF's railroad maintenance program, as well as to name BNSF as an additional insured under Knox Kershaw's general liability insurance policy.  Additionally, the Contract includes an indemnification clause under which Knox Kershaw agreed to indemnify and hold BNSF harmless with respect to any claims or suits for which injury or death arises out of Knox Kershaw's operations, with the exception of claims resulting from BNSF's sole negligence.

Balfour Beatty subsequently purchased certain assets of Knox Kershaw and assumed Knox Kershaw's contractual relationship with BNSF.  Pursuant to the Contract, Balfour purchased a

ORDER - 2

commercial general liability insurance policy (Policy) from Liberty Mutual. The Policy provided Balfour Beatty with $1 million of liability coverage per occurrence, above a $1 million per claim deductible. The Policy also contained the additional insured endorsement, under which BNSF was added as a named insured.

On May 6, 2004, an employee of Balfour Beatty, Gary McCullough, was injured when a train operated by BNSF collided with the yard cleaner operated by McCullough. McCullough made a claim for his injuries against BNSF. BNSF tendered the claim to Liberty Mutual for defense and indemnification as an additional insured and notified Balfour that a claim had been made against BNSF for personal injuries sustained by McCullough. Balfour Beatty objected to Liberty Mutual indemnifying BNSF, and claimed that BNSF was not entitled to coverage under the terms and conditions of the Policy. Balfour Beatty contends that if Liberty Mutual were to defend and indemnify BNSF for the McCullough claim, such coverage would, by virtue of the $1 million deductible, make Balfour Beatty liable for BNSF's sole negligence, in contravention of the terms of the Contract and Washington's anti-indemnification statute, RCW 4.24.115.

On March 9, 2007, McCullough's trustee in bankruptcy filed a personal injury action against BNSF in Clark County Superior Court. The personal injury complaint alleges that BNSF is solely responsible for McCullough's injuries. BNSF added Balfour Beatty as a third party defendant to the personal injury claiming BNSF is entitled to contribution from Balfour Beatty on the basis of negligent hiring, training and retention of McCullough. Balfour Beatty answered the third party complaint, denying liability and counterclaiming against BNSF for declaratory judgment on the Contract.

Balfour Beatty then filed the instant motion for a stay of the declaratory judgment action pending resolution of the state court personal injury action. Balfour Beatty asserts that impending resolution of the state court personal injury action will render this declaratory judgment action moot because it will determine BNSF's right to indemnification or coverage under the Liberty Mutual

ORDER - 3

policy to the extent of BNSF's sole negligence.

## STANDARDS FOR STAY OF DECLARATORY JUDGMENT ACTION

District courts have "unique and substantial" discretion in determining whether to entertain declaratory relief actions under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution.  It must also fulfill statutory jurisdictional prerequisites.  If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1226-27 (9th Cir. 1998).  Ninth Circuit has consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement.  A case or controversy is found when a insurer brings a declaratory judgment action regarding its duty to defend and indemnify. See, e.g., Dizol, at 1222 n.2; American States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994).  Such is the case here.  Statutory jurisdictional requirements are also met because there is complete diversity between the parties and the amount in controversy is more than $75,000.  Thus, statutory jurisdiction is proper under 28 U.S.C. § 1332(a).

In determining whether entertaining the action is appropriate, the factors from Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942), "remain the philosophic touchstone for the district court." Dizol, at 1220.  They are: (1) avoiding needless determinations of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation.  In addition, other considerations may be relevant: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is

ORDER - 4

being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; (4) whether the use of a declaratory action will result in entanglement between the federal and state court systems; (5) the convenience of the parties; and (6) the availability and relative convenience of other remedies.

In this case, application of the *Brillhart* factors provides that a stay of the declaratory judgment action is unwarranted. "When parallel state proceedings involving the same issues and parties [are] pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." American Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999). Here, the federal and state proceedings are not parallel. The state proceeding is a personal injury tort action, whereas, this federal action arises under contract and insurance law. Further, Plaintiff Liberty Mutual is not a party to the state court proceedings. There is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically. Dizol, at 1226. Under Washington law, insurance companies have the right to determine their obligations to their insureds prior to a judgment against their insureds. See, Atlantic Cas. Ins. Co. v. Oregon Mut. Ins. Co., 137 Wn. App. 296, 306-07, 153 P.3d 211 (2007); Truck Ins. Exch. v. VanPort Homes, Inc., 147 Wn.2d 751, 761, 58 P.3d 276 (2002). The federal courts routinely, in diversity and other cases, determine issues of state law. Further, this action does not simply involve a request for declaratory relief. Counterclaims have been asserted alleging breach of contract, violation of Washington's Consumer Protection Act and bad faith. "[W]hen other claims are joined with an action for declaratory relief, the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief. If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." Dizol, at 1225-1226. See also, Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998).

ORDER - 5

There is no needless determination of state law claims where the same claims and parties are not present in the state court proceeding.  The state court personal injury action involves a determination of whether BNSF's negligence caused McCullough's injuries.  BNSF's third party indemnification claim against Balfour Beatty is based on the language of the On-Track Operation Agreement (Contract).  Balfour's claim that BNSF is not entitled to indemnification is also based on the Contract as well as Washington's anti-indemnification statute.  These issues are separate from the issues in this Declaratory judgment action relating to insurance coverage, breach of the insurance contract, Consumer Protection Act violations, and bad faith.  The common issue applicable to both actions is whether the anti-indemnification action precludes coverage for BNSF.  Accordingly, resolution of the state court action will not avoid determination of state law issues in this federal court proceeding.

There is no evidence to suggest Liberty Mutual engaged in improper forum shopping.  When faced with the dispute among its insureds, Balfour and BNSF, as to whether BNSF has coverage for the tort claim, Liberty Mutual filed this declaratory judgment action; the appropriate procedure under Washington law.  That the suit was filed in federal court is not indicative of forum shopping.  Consideration of this factor does not warrant issuance of a stay.

The grant of a stay of these proceedings would not avoid duplicative or piecemeal litigation.  As previously addressed, save for one, the claims presented in the declaratory judgment action are separate and distinct from the state court proceeding.  Further, Liberty Mutual is not a party to that action.  Most, if not all, claims will have to be resolved in the federal case regardless of the existence of a stay.

The Court also notes that resolution of the coverage action will serve a useful purpose in clarifying the legal relations at issue and maintaining this action will not significantly inconvenience the parties.

ORDER - 6

1    The underlying state court action is a tort suit to which Liberty Mutual is not a party, and its
2 obligation to provide coverage to BNSF is not an issue. The claims in this Court, insurance
3 coverage, breach of insurance contract, violation of Consumer Protection Act, and bad faith are not
4 in the state court proceeding. These actions are not parallel proceedings and a stay is inappropriate.

## CONCLUSION

6    For the above stated reasons the motion for stay of this proceeding pending resolution of the
7 state court action is denied**.**

8    ACCORDINGLY;

9    IT IS ORDERED:

10   Balfour Beatty's Motion to Stay [Dkt. # 30] is **DENIED**.

12   DATED this 16th day of June, 2008.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26 ORDER - 7